CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 22 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM J. MCCAIN,<br>    Petitioner, | )<br>) | Civil Action No. 7:07cv00301 |
| | ) | **MEMORANDUM OPINION** |
| v. | )<br>) | |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner William J. McCain ("McCain"), a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. McCain claims that counsel provided ineffective assistance in several instances, including failing to file an appeal after McCain requested that he file an appeal. Respondent filed a motion to dismiss to which McCain filed a timely response, making the matter ripe for disposition. On the existing record, I am unable to resolve McCain's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, order an evidentiary hearing on the issue.

I.

On April 7, 2005, a federal grand jury returned a one-count indictment against McCain charging him with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(3).[1] Because McCain had previously been convicted of other violent crimes, the indictment put him on notice that he was considered to be an "armed career criminal" and would be subject to a sentence enhancement, pursuant to 18 U.S.C. § 924(e)(1). McCain's jury trial began on March 9, 2006; however, after opening statements were made, McCain changed his plea from not

---

[1] The United States Attorney notes that the indictment mistakenly cited 18 U.S.C. § 922(g)(3) rather than § 922(g)(1) as the statutory authority for charging McCain.

-1-

guilty to guilty. On that same date, by oral plea agreement, McCain pleaded guilty to Count One of the indictment. In exchange for his plea of guilty, the United States agreed that it would recommend a sentence within the guideline range, that it would recommend that McCain receive credit for acceptance of responsibility, and that McCain could argue for the minimum sentence to be imposed. I ultimately sentenced McCain to 250 months imprisonment, followed by a four year term of supervised release.

## II.

One of McCain's claims of ineffective assistance is that counsel failed to file an appeal upon McCain's request.[2] An attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. June 28, 2007); see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)) (finding that an "attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective"). The inmate need not show a reasonable probability of success on appeal. See Peguero v. United States, 526 U.S. 23, 28 (1999); Witherspoon, 231 F.3d at 926. Thus, if McCain's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief under § 2255. On the record as it currently exists, I am unable to evaluate the merits of McCain's allegation. Accordingly, I order an evidentiary hearing as to whether McCain

---

[2] It does not appear from the record that McCain entered a waiver during his plea agreement hearing. Regardless, McCain's claim falls outside the scope of a waiver, requiring the court to assess its merits. See United States v. Poindexter, 492 F.3d 263, 272 (4th Cir. 2007) (concluding that claim that an attorney disregarded clear instructions to file an appeal is not barred by a collateral attack waiver).

unequivocally instructed his attorney to file a notice of appeal.[3]

### III.

With regard to McCain's other claims of ineffective assistance, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in McCain's other claim, I will not address respondent's argument in its motion to dismiss regarding McCain's other claims at this time.

### IV.

For the reasons stated herein, I order an evidentiary hearing on the issue of whether McCain requested his attorney to file an appeal.

ENTER: This 22rd day of October, 2007.

Senior United States District Judge

---

[3] If his attorney was so instructed, McCain is to be allowed a direct appeal. Poindexter, 492 F.3d at 273. If his attorney was not so instructed, the court will have to determine if McCain met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. Id.

-3-