CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 2 9 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIE JUNIOR MCCAIN,<br>Petitioner, | ) <br> ) <br> ) <br> ) | Case No. 7:07CV00301 <br> Case No. 4:05CR00011 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Petitioner Willie Junior McCain, a federal inmate proceeding pro se, brought this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. After reviewing the § 2255 petition and the government's motion to dismiss, I referred the matter to the Hon. Michael F. Urbanski, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of an evidentiary hearing as to two of McCain's ineffective assistance of counsel claims. Judge Urbanski appointed counsel for McCain, conducted an evidentiary hearing, and prepared a Report and Recommendation ("Report"), finding facts and recommending that the motion to dismiss be granted as to McCain's petition in its entirety. McCain, through counsel, has filed timely objections to Judge Urbanski's Report;[1] the government has not filed any objections. Upon de novo review of the pertinent parts of the Report and the record, the court concludes that McCain's objections to the Report must be overruled, the Report will be adopted, and the motion to dismiss will be granted.

I.

The April 7, 2005, indictment in this case charged McCain with possession of a firearm after having been convicted of a felony, which is a violation of 18 U.S.C. § 922(g)(3), and put him on notice that the government also believed him to qualify for an enhanced sentence as an "armed career criminal," pursuant to 18 U.S.C. § 924(e)(1), based on his prior criminal convictions. After opening statements at his jury trial, McCain changed his plea to guilty on March 9, 2006. At the June 22, 2006, sentencing, as neither party entered objections, I adopted the pre-sentence report ("PSR") and

---

[1] McCain has also submitted pro se objections. See Dkt. No. 28, Attachment 1.

1

found McCain to be an armed career criminal with a total offense level of 32 and a criminal history category of VI. These factors resulted in a guidelines range of 210 to 262 months. Defense counsel argued for a sentence of fifteen (15) years, the statutory mandatory minimum under § 924(e)(1). The government argued, however, that no such departure from the guideline range was warranted, based on McCain's long criminal record and the offense conduct itself.[2] I found that given the serious nature of his previous offenses, the guideline range was appropriate. I sentenced him to 250 months imprisonment. United States v. McCain, Case No. 4:05CR00011.

No appeal was noted from the judgment order, which entered on June 26, 2006. On July 7, 2006, the court docketed a letter from McCain, requesting a copy of his presentence report; a law clerk responded that for security reasons, he could not have this document while in prison. On July 19, 2006, the court received another letter from McCain, dated July 10, 2006, and post-marked July 13, 2006. This second letter purported to be a copy of a letter mailed to McCain's trial counsel, Jeffrey L. Dorsey, concerning sentencing issues, Dorsey's failure to file a notice of appeal, and McCain's request that Dorsey assist him in filing a § 2255 motion.[3] The deputy clerk docketed the submission as a letter to counsel.

McCain filed his pro se § 2255 motion in June 2007, alleging the following grounds for

---

[2]The evidence at trial would have indicated that McCain's offense involved breaking into the victim's home, stealing the firearms McCain was later charged with possessing, and brandishing a firearm at the victim.

[3] The letter, addressed to trial counsel, says in pertinent part:
I wrote to you on June 23, 2006 after I was sentenced to 250 months in prison. I had only 10 days to appeal that decision by Judge Jackson L. Kiser.
  I did follow through with this request to you on June 23, 2006 concerning the appeal. So I am [assuming] that you said fuck me right??? . . .
. . . .
  So I am asking you for your help on 2255 sentence reduction. And to go back and correct my criminal history out concerning that assault on Ray Fox. . . .
  (P.S.) Mr. Dorsey that is the reason you didn't come to talk to me after sentenc[ing] June: 22-2006 [sic] in the bull-pin [sic]. You sold me out in court by not objection to information on the pre-sentence report.
United States v. McCain, Case No. 4:05CR00011, Dkt. No. 44 (emphasis in the original).

2

relief: (1) counsel was ineffective in failing to file a notice of appeal after McCain asked him to do so; (2) counsel was ineffective in failing to object to the use of two juvenile convictions to qualify McCain for the armed career criminal sentence enhancement; (3) counsel was ineffective in failing to investigate the circumstances surrounding a third offense, Robbery with a Dangerous Weapon, and in failing to object when it was used to qualify McCain for armed career criminal status. The Magistrate Judge's Report addresses all three claims and recommends that the motion to dismiss be granted. The Report bases this recommendation on its findings that McCain's pleadings and exhibits and testimony conflict with each other and that his testimony is neither credible in its own right nor supported by credible evidence. The Report also finds trial counsel's testimony credible, regarding his consultations with McCain after sentencing concerning the lack of grounds on which to appeal.

Generally, McCain objects[4] to the finding that Dorsey's failure to file a notice of appeal did not constitute ineffective assistance. This objection to a legal finding relies on his objections to specific factual findings in the Report: (a) the finding that "there was no evidence in the record, beyond McCain's testimony, supporting McCain's contention that he asked Dorsey to note an appeal," (b) "the finding that McCain's testimony about requesting an appeal was unbelievable," (c) "the finding that Dorsey's uncorroborated testimony that McCain agreed to 'no appeal' was credible," and (d) the "implicit finding that Dorsey's failure to seek a delayed appeal when he received the July 10 letter did not amount to ineffective assistance of counsel."[5]

---

[4]Counsel for McCain raises several objections, and McCain also submitted similar, pro se objections attached to a letter.

[5]McCain's pro se objections parallel the objections filed by counsel, with one exception. He also alleges that counsel was ineffective in these § 2255 proceedings, because the magistrate judge gave her ten days in which to submit additional evidence if she was able to locate and interview several unidentified United States Marshals who escorted McCain from sentencing down to the "bullpen." McCain alleged that these officers could verify that counsel did not confer with him immediately after sentencing as counsel testified. According to McCain, he asked these officers to find and ask his trial attorney to come talk with him before he was transported back to the jail, but counsel had left the building.
McCain's objection about habeas counsel will be overruled. McCain's habeas counsel includes a footnote in the objections document about her unsuccessful attempts to obtain any useful information from these officers. She informed the court that the one officer whom she located did not remember McCain or the names of the other officers had worked with him on June 22, 2006.

3

The documentary evidence McCain offers to support his credibility simultaneously undermines it. Yes, Dorsey's affidavit indicated that McCain told Dorsey at the time of sentencing that he wanted to appeal on the ground that he was actually innocent of the North Carolina robbery charge that was used to qualify him for an enhanced federal sentence. However, Dorsey's affidavit went on to say that after Dorsey explained to McCain that the robbery issue had not been preserved for appeal and could be raised instead in a § 2255 action, McCain agreed not to pursue an appeal. McCain's July 2006 letter to counsel also supports this version of events; therein, McCain said that he wrote a letter to counsel on June 23, 2006, about an appeal, but he did not mention having made a verbal request for an appeal on June 22, 2006, immediately after sentencing.[6] Even if McCain could prove that he mailed a written request for an appeal to Dorsey on June 23, 2006, he points to no evidence in the record that counsel received such a letter or that McCain otherwise communicated a written or spoken request for an appeal to Dorsey after June 22 and before the end the appeal period on July 11, 2008.

Moreover, the July 2006 letter reflects McCain's understanding that the robbery issue was not properly preserved for appeal, as he indicates that he wants to raise that issue in a § 2255 motion and asks counsel to help him. This aspect of the letter supports Dorsey's testimony that he explained § 2255 issues to McCain immediately after sentencing. It also supports the Report's findings, explicit or implicit, that McCain did not ask Dorsey at their meeting in late July 2006 to pursue an extension of time for appeal and that Dorsey was not ineffective in failing to pursue one.

At the hearing, McCain presented a copy of the jail's professional visitors log to show that between June 20 and July 15, 2006, Dorsey visited the jail only once, on June 20, two days before sentencing. Again, this document undermines McCain's assertion that he told Dorsey to appeal at any time within the appeal period. McCain argues in his pro se objections that the jail's visiting log

---

Clearly, counsel cannot be faulted for failing to file a report, when she had not been able to obtain any additional information to report.

[6]The magistrate judge's Report finds that McCain denied meeting with counsel at any time on the day of sentencing.

4

catches Dorsey in a lie concerning what day Dorsey visited the jail. The Report makes no finding, however, that Dorsey visited the jail within the appeal period. Hence, this objection has no bearing on the Report's recommendation.

Having thus reviewed the pertinent portions of the record in light of McCain's objections, I find for the stated reasons that the objections must be overruled. I will adopt the Report and Recommendation in its entirety as to its findings of fact and recommended disposition of McCain's claims.

The report notes a question as to whether the July 2006 letter McCain wrote to counsel and copied to the court could or should have been construed as a pro se notice of appeal or motion for extension of time to file a notice of appeal. See Report at 6 n.8. McCain purportedly signed his letter on July 10, 2006, which is on the 9th business day following entry of the judgment on June 26, 2006. If I found that McCain's intent to appeal was clear, I could even now construe the July 2006, letter as a timely notice of appeal.[7] As stated, however, I find that the letter reflects McCain's somewhat reluctant admission that if he wants to pursue claims of ineffective assistance of counsel regarding the prior convictions used to enhance his federal sentence, his appropriate remedy is a § 2255 motion, not an appeal. Moreover, McCain did not directly address the July 2006 letter to the court, did not mention an appellate court, and did not expressly state that he wished to note an appeal or indicate that McCain had notified the government of this intent.[8] Therefore, I cannot find that McCain's July 2006 letter should have been, or should now be, construed as either a notice of appeal or a motion for extension of time to file a notice of appeal, pursuant to Fed. R. App. P. 4(b).

---

[7] See Houston v. Lack, 487 U.S. 266, 270 (1989)(finding that under appellate rule requiring habeas corpus appeals to be filed within 30 days, pro se prisoner's notice of appeal was filed at moment of delivery to prison authorities for forwarding to District Court).

[8] Courts should liberally construe a pro se submission and treat it as a valid notice of appeal if it fulfills the purposes of Fed. R. App. P. 3 by notifying the court and the party opponent that an appeal is being taken. Smith v. Barry, 502 U.S. 244, 248 (1992). Noncompliance with the notice requirements of Rule 3 are fatal to appellate review. Id.

5

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and his counsel and to counsel of record for the respondent.

ENTER: This 29th day of April, 2008.

*[signature]*
Senior United States District Judge